UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

| | |
|---|---|
| RODNEY WILLIAMSON,<br><br>　　　　　　　　Plaintiff,<br><br>v.<br><br>ADW LAFAVE, *et al.*,<br><br>　　　　　　　　Defendants. | Case No. 23-12154<br>Honorable David M. Lawson<br>Magistrate Judge Elizabeth A. Stafford |

**ORDER DENYING PLAINTIFF'S MOTION TO STAY DEFENDANTS' DISPOSITIVE MOTION AND ORDERING HIM TO RESPOND TO THE DISPOSTIVE MOTION
(ECF NO. 30)**

　　　　Plaintiff Rodney Williamson, a prisoner proceeding pro se, sues officials of the Michigan Department of Corrections (MDOC) under 42 U.S.C. § 1983.  ECF No. 1.  The Honorable David M. Lawson partially dismissed the case after screening under 28 U.S.C. § 1915(e)(2)(B) and then referred the case to the undersigned for all pretrial matters under 28 U.S.C. § 636(b)(1).  ECF No. 9; ECF No. 18.

　　　　In December 2024, defendants moved to dismiss or for summary judgment, arguing that some of Williamson's claims should be dismissed because they were filed after the statute of limitations expired and because

they were not exhausted through the MDOC's grievance system.  ECF No. 29.  Williamson failed to respond to the motion within 21 days, as required by E.D. Mich. LR 7.1(e)(2).  He instead moved to stay the motion until the Court decides his motion to amend his complaint (ECF No. 20) and until after discovery on the statute of limitations issue.  ECF No. 30.

Williamson's motion to stay lacks merit.  The Court must assess defendants' motion to dismiss or for summary judgment when determining whether his proposed amended complaint includes claims that are futile. Under Federal Rule of Civil Procedure 15(a), leave to amend should be freely given "when justice so requires."  But a motion to amend "should be denied if the amendment is brought in bad faith, for dilatory purposes, results in undue delay or prejudice to the opposing party, or would be futile."  *Colvin v. Caruso*, 605 F.3d 282, 294 (6th Cir. 2010) (cleaned up). "A proposed amendment is futile if the amendment could not withstand a [Federal Rule of Civil Procedure] 12(b)(6) motion to dismiss."  *Rose v. Hartford Underwriters Ins. Co.*, 203 F.3d 417, 420 (6th Cir. 2000).

And a motion seeking dismissal based on the statute of limitations and issues of exhaustion, "what may be characterized as procedural issues, can be resolved without the necessity of discovery regarding Plaintiff's substantive claims."  *Weatherspoon v. Dinsa*, No. 17-11196, 2018

WL 2009604, at *1 (E.D. Mich. Apr. 30, 2018). To avoid dismissal on statute of limitation grounds, Williamson must show that there are issues of fact that require discovery.

The Court **ORDERS** Williamson to respond to defendants' dispositive motion by **April 7, 2025**. If he fails to do so, the Court may grant defendants' motion for the reasons set forth in her motion and/or dismiss his complaint for failure to prosecute.

s/Elizabeth A. Stafford  
ELIZABETH A. STAFFORD  
United States Magistrate Judge

Dated: March 18, 2025

## NOTICE TO PARTIES ABOUT OBJECTIONS

Within 14 days of being served with this order, any party may file objections with the assigned district judge. Fed. R. Civ. P. 72(a). The district judge may sustain an objection only if the order is clearly erroneous or contrary to law. 28 U.S.C. § 636. **"When an objection is filed to a magistrate judge's ruling on a non-dispositive motion, the ruling remains in full force and effect unless and until it is stayed by the magistrate judge or a district judge."** E.D. Mich. LR 72.2.

3

## **CERTIFICATE OF SERVICE**

      The undersigned certifies that this document was served on counsel of record and any unrepresented parties via the Court's ECF System to their email or First Class U.S. mail addresses disclosed on the Notice of Electronic Filing on March 18, 2025.

                                      s/Davon Allen
                                      DAVON ALLEN
                                      Case Manager