UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

RODNEY WILLIAMSON,

Plaintiff,

v.

ADW LAFAVE, *et al.*,

Defendants.

Case No. 23-12154
Honorable David M. Lawson
Magistrate Judge Elizabeth A. Stafford

---

## OPINION AND ORDER GRANTING IN PART AND DENYING IN PART PLAINTIFF'S MOTION FOR LEAVE TO AMEND COMPLAINT (ECF NO. 20)

---

### A.

Plaintiff Rodney Williamson, a prisoner proceeding pro se, sues officials of the Michigan Department of Corrections (MDOC) under 42 U.S.C. § 1983.  ECF No. 1.  The Honorable David M. Lawson partially dismissed the case after screening it under 28 U.S.C. § 1915(e)(2)(B) and then referred it to the undersigned for all pretrial matters under 28 U.S.C. § 636(b)(1).  ECF No. 9; ECF No. 18.  And the Court has filed a report and recommendation (R&R) along with this order that defendants' motion to dismiss and for summary judgment be granted in part.

1

Before the Court is Williamson's motion for leave to amend his complaint.  ECF No. 20.  The Court **GRANTS IN PART AND DENIES IN PART** the motion for leave.

### B.

Under Federal Rule of Civil Procedure 15(a), leave to amend should be freely given "when justice so requires."  But a motion to amend "should be denied if the amendment is brought in bad faith, for dilatory purposes, results in undue delay or prejudice to the opposing party, or would be futile."  *Colvin v. Caruso*, 605 F.3d 282, 294 (6th Cir. 2010) (cleaned up).  "A proposed amendment is futile if the amendment could not withstand a [Federal Rule of Civil Procedure] 12(b)(6) motion to dismiss."  *Rose v. Hartford Underwriters Ins. Co.*, 203 F.3d 417, 420 (6th Cir. 2000).

A motion to dismiss under Federal Rule of Civil Procedure 12(b)(6) tests a complaint's legal sufficiency.  "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'"  *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).  The *Iqbal* Court explained, "[a] claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct

2

alleged." *Id.*  The complaint's allegations "must do more than create speculation or suspicion of a legally cognizable cause of action; they must show *entitlement* to relief."  *League of United Latin Am. Citizens v. Bredesen*, 500 F.3d 523, 527 (6th Cir. 2007).

In deciding whether a plaintiff has set forth a "plausible" claim, the Court must construe the complaint in the light most favorable to the plaintiff and accept as true all well-pleaded factual allegations.  *Id.*  But "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice," *Iqbal*, 556 U.S. at 678, and the Court has no duty to create a claim not spelled out in the pleadings, *Freightliner of Knoxville, Inc. v. DaimlerChrysler Vans, LLC*, 484 F.3d 865, 871 n.4 (6th Cir. 2007).  Pleadings filed by pro se litigants are entitled to a more liberal reading than would be afforded to formal pleadings drafted by lawyers, but such complaints still must plead a plausible claim for relief. *Davis v. Prison Health Servs.*, 679 F.3d 433, 437-38 (6th Cir. 2012); *Thomas v. Eby*, 481 F.3d 434, 437 (6th Cir. 2007).

## C.

Williamson's complaint concerns incidents from 2020, when he was housed at the Parnall Correctional Facility (SMT), and served as block representative for his housing unit, attending warden's forum committee meetings and raising issues about to the facility.  ECF No. 20, PageID.143-144.  He claims that some employees of SMT violated the First Amendment by retaliating against him for complaints at the meetings and for filing grievances.  *Id.*, PageID.143-147.  Williamson alleges violations of the Eighth Amendment and his due process rights, and asserts a civil conspiracy claim.  *Id.*, PageID.147-152.

For the reasons stated in this Court's R&R, these claims Williamson tries to re-assert in his proposed amended complaint are futile:

- his claim that assistant warden LaFave threatened him in retaliation for him filing a grievance (ECF No. 20, PageID.144);

- his civil conspiracy claims against LaFave, Captain Sawyer, Lieutenant Curtis, Sergeant Satterlee, correctional officer Jewett, and hearing investigator Desnoyer (*Id.*, PageID.147-152);

- his claim that lieutenant Curtis retaliated against him by failing to properly investigate his concerns about Satterlee (*Id.*, PageID.144);

- his claims that correctional officer Jewett and Curtis retaliated against him by issuing false misconduct tickets (*Id.*, PageID.145-146);

4

- his claims that LaFave, Desnoyer, Jewett, Satterlee, and Sawyer retaliated against him by fabricating, concealing, and ignoring evidence related to misconduct hearings (*Id.*, PageID.147-151);

- his claim that LaFave exposed him to COVID-19 (*Id.*, PageID.144).

Other proposed claims are futile for the reasons below.

### D.

Williamson alleges that various prison officials violated his due process rights by concealing and fabricating evidence related to misconduct hearings and by failing to provide him with sufficient notice of the hearings.  ECF No. 20, PageID.147-149, 150.  Judge Lawson dismissed these claims as implausible because Williamson does not have a protected liberty interest in prison disciplinary hearings.  ECF No. 9, PageID.78.

Though Williamson adds facts to support these claims, he does not allege that the disciplinary hearings affected "the duration of his sentence" or "impose[d] an atypical and significant hardship" as required to establish a protected liberty interest in a disciplinary hearing.  *Sandin v. Conner*, 515 U.S. 472, 484, 487 (1995).  Williamson says that the proceedings resulted in 30 days' lost privileges, but this is not an atypical or significant deprivation.  ECF No. 20, PageID.145.  *See Reece v. Rivard*, No. 11-CV-

11814, 2011 WL 5025487, at *6 (E.D. Mich. Sept. 16, 2011), *adopted*, No. 11-11814, 2011 WL 5025519 (E.D. Mich. Oct. 21, 2011).

Williamson also claims that he was wrongfully placed in punitive segregation following a disciplinary proceeding.  ECF No. 20, PageID.146, 150.  But a prisoner's placement in punitive segregation for serious misconduct is not an atypical deprivation, unless it is alleged that the conditions in segregation "present a dramatic departure from the basic conditions of [Williamson's] indeterminate sentence."  *Sandin*, 515 U.S at 485.  And because segregation "is the sort of confinement that inmates should reasonably anticipate receiving at some point in their incarceration," it is found to be atypical only "in extreme circumstances, such as when the prisoner's complaint alleged that he is subject to indefinite administrative segregation."  *Joseph v. Curtin*, 410 F. App'x 865, 868 (6th Cir. 2010) (cleaned up).  Williamson does not allege that he was subject to indefinite segregation.

Williamson's proposed amended complaint includes a civil conspiracy claim against Simmons and LaFave.  ECF No. 20, PageID.143, 147-152. The Sixth Circuit has "adopted the general rule in civil conspiracy cases that a corporation cannot conspire with its own agents or employees."  *Hull v. Cuyahoga Valley Joint Vocational Sch. Dist. Bd. of Educ.*, 926 F.2d 505,

509 (6th Cir. 1991).  The *Hull* court explained that a conspiracy requires

"two persons or entities" and that "[a] corporation cannot conspire with itself

any more than a private individual can."  *Id.*  The court also said that "it is

the general rule that the acts of the agent are the acts of the corporation."

*Id.*

As MDOC employees, LaFave and Simmons are "agents of the State

of Michigan with respect to providing appropriate conditions to incarcerated

individuals."  *Boone v. Heyns*, No. 12-14098, 2017 WL 3977524, at *4 (E.D.

Mich. Sept. 11, 2017).  They are "thus all the same 'person' and the

intracorporate conspiracy doctrine applies."  *Id.*; *see also Hull*, 926 F.2d at

510 (finding that a conspiracy claim against individual school board

members and a school employee failed under the intracorporate conspiracy

doctrine because "all of the defendants are members of the same collective

entity, there are not two separate 'people' to form a conspiracy").

Thus, these claims are futile.

## E.

Judge Lawson dismissed Williamson's retaliation claim against

Inspector Simmons, finding that he alleged no conduct by Simmons beyond

him saying that "he saw a video of [Williamson] taking a television from

7

another prisoner's cell."  ECF No. 9, PageID.77.  Williamson's amended complaint adds conduct.

In his first complaint, Williamson alleged that LaFave and Simmons approached his cell, and LaFave told him, "[Y]ou better do the right thing and step down as the Block Representative before a ticket is written you won't be able to beat."  ECF No.1, PageID.4-5.  But in his amended complaint, Williamson alleges that *both* LaFave and Simmons threatened to issue him misconduct tickets if he did not step down as block representative.  ECF No. 20, PageID.144.

To state a retaliation claim, Williamson must allege that: (1) he was engaged in conduct protected by the First Amendment; (2) an adverse action was taken against him that would deter a person of ordinary firmness from engaging in that protected conduct; and (3) "there is a causal connection between elements one and two—that is, the adverse action was motivated at least in part by [Williamson's] protected conduct."  *Thaddeus-X v. Blatter*, 175 F.3d 378, 394 (6th Cir. 1999).  For the third factor, "conclusory allegations of retaliatory motive unsupported by material facts will not be sufficient to state a claim."  *Hill v. Lappin*, 630 F.3d 468, 475-76 (6th Cir. 2010) (cleaned up).

8

Despite the alleged threats from LaFave and Simmons, Williamson continued to attend the warden's forum committee meetings as block representative.  ECF No. 20, PageID.144.  He was then issued two allegedly false misconduct tickets and was placed in punitive segregation. *Id.,* PageID.144-146.  Williamson claims that LaFave and Simmons ordered that he remain in segregation.  *Id.*  And he alleges that Simmons concealed evidence and pressured another prisoner to make a false statement against him in a disciplinary hearing for one of the misconduct tickets.  *Id.*, PageID.148

Williamson's right to complain to the warden as a block representative is protected by the First Amendment.  *See Maben v. Thelen*, 887 F.3d 252, 264 (6th Cir. 2018) (finding an inmate's complaint about a food portion to be protected conduct); *Brown v. Gray*, No. 21-3386, 2022 WL 961246, at *3 (6th Cir. Mar. 28, 2022) ("an attempt to seek help from the shift captain constituted protected activity").  Filing false misconduct reports, imposing a loss of privileges, and placing an inmate in segregation constitutes adverse action.  *See Scott v. Churchill*, 225 F.3d 659 (6th Cir. 2000) ("filing of false misconduct report could deter a person of ordinary firmness from exercising his First Amendment rights"); *Hill*, 630 F.3d at 474 (finding loss of privileges and placement in segregation to be adverse

9

action).  And Williamson plausibly alleges that the adverse actions that

Simmons took were at least partially motivated by Williamson's refusal to

step down as block representative.

Simmons' alleged statements to Williamson, if true, would be direct

evidence of a retaliatory motive.  *Aquilina v. Wriggelsworth*, 759 F. App'x

340, 346 (6th Cir. 2018); *see also Hill*, 630 F.3d at 476-77 (6th Cir. 2010)

(finding that direct evidence of retaliatory motive based on defendants'

purported statements supports a plausible retaliation claim).  And a

defendant's mention of the protected conduct during communication with

the plaintiff can constitute powerful evidence of retaliatory intent.  *See

Harris v. Bornhorst*, 513 F.3d 503, 520 (6th Cir. 2008) (defendant's mention

of civil suit during conversation "constitutes powerful circumstantial

evidence that her other remarks were motived by retaliatory animus").

Williamson alleges that while he was in segregation, LaFave

referenced his and Simmons's threats and Williamson's failure to comply

as the reason for his segregation.  ECF No. 20, PageID.147.  Those

alleged remarks along with the claimed adverse actions that followed

plausibly state retaliatory motive.  *See Webb v. Golladay*, No. 2:19-CV-110,

2022 WL 4369931, at *4 (W.D. Mich. May 12, 2022), *adopted*, No. 2:19-

CV-110, 2022 WL 4365860 (W.D. Mich. Sept. 21, 2022) (finding that a

plaintiff plausibly stated retaliatory motive because a remark related to the protected conduct and foreshadowed the adverse action).

And the alleged temporal proximity between these events plausibly support that Simmons had a retaliatory motive. *See Hill*, 630 F.3d at 476 (temporal proximity between an exercise of protected conduct and adverse action can help to establish retaliatory motive).  Williamson says that the threats, his exercise of protected conduct, and the retaliatory actions all occurred within a three-month period.  ECF No. 20, PageID.144-145.  The short period between the initial threats and the retaliatory actions suggests that Simmons was motivated at least in part by Williamson's refusal to step down as block representative.  *See Nguyen v. City of Cleveland,* 229 F.3d 559, 567 (6th Cir. 2000) (noting that cases based on the proximity of time have involved short periods of time of less than six months).  Thus, Williamson now states a plausible retaliation claim against Simmons.

### D.

Williamson's motion for leave to amend (ECF No. 20) is **GRANTED IN PART** as to his First Amendment retaliation claim but is otherwise **DENIED**.  The Court will accept ECF No. 20 as the operative complaint as to the retaliation claims.

s/Elizabeth A. Stafford
ELIZABETH A. STAFFORD
United States Magistrate Judge

Dated: June 8, 2025

## NOTICE TO PARTIES ABOUT OBJECTIONS

Within 14 days of being served with this order, any party may file

objections with the assigned district judge.  Fed. R. Civ. P. 72(a).  The

district judge may sustain an objection only if the order is clearly erroneous

or contrary to law.  28 U.S.C. § 636.  **"When an objection is filed to a**

**magistrate judge's ruling on a non-dispositive motion, the ruling**

**remains in full force and effect unless and until it is stayed by the**

**magistrate judge or a district judge."**  E.D. Mich. LR 72.2.

## CERTIFICATE OF SERVICE

The undersigned certifies that this document was served on counsel
of record and any unrepresented parties via the Court's ECF System to
their email or First Class U.S. mail addresses disclosed on the Notice of
Electronic Filing on June 8, 2025.

s/Davon Allen
DAVON ALLEN
Case Manager