UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

| | |
|---|---|
| RODNEY WILLIAMSON,<br><br>Plaintiff,<br><br>v.<br><br>ADW LAFAVE, *et al.*,<br><br>Defendants. | Case No. 23-12154<br>Honorable David M. Lawson<br>Magistrate Judge Elizabeth A. Stafford |

**ORDER DENYING PLAINITFF'S MOTION TO STAY (ECF NO. 72)**

Plaintiff Rodney Williamson, a prisoner proceeding pro se, filed this action suing several Michigan Department of Corrections officials under 42 U.S.C. § 1983, including Defendant Inspector Simmons. The Honorable David M. Lawson referred the matter to the undersigned for all pretrial matters under 28 U.S.C. § 636(b)(1). ECF No. 18.

After Simmons moved for summary judgment under Federal Rule of Civil Procedure 56, this Court ordered Williamson to respond by June 25, 2026. ECF No. 67; ECF No. 68. When Williamson failed to do so, this Court issued an order requiring Williamson to show cause in writing why

the motion should not be granted for the reasons described in the motion or for failure to prosecute. ECF No. 71.

Williamson still filed no response to Simmons's motion, but instead moved to stay the summary judgment motion under Rule 56(d)(2) until Williamson "has had an opportunity to obtain necessary discovery." ECF No. 72, PageID.739.[1] A party seeking relief under Rule 56(d) must "file an affidavit that indicate[s] to the district court its need for discovery, what material facts it hopes to uncover, and why it has previously not discovered that information." *Gettings v. Bldg. Laborers Loc. 310 Fringe Benefits Fund*, 349 F.3d 300, 305 (6th Cir. 2003). And a court may reject a Rule 56(d) affidavit if it "makes only general and conclusory statements regarding the need for more discovery" or "lacks any details or specificity." *Ball v. Union Carbide Corp*., 385 F.3d 713, 720 (6th Cir. 2004) (cleaned up).

Williamson has filed no affidavit or declaration explaining what discovery he would need to oppose Simmons's motion. And Williamson

[1] That motion also claims that Simmons is in "contempt of court" for failing to comply with this Court's "Order filed ten months ago for him to respond to Plaintiff's amended complaint. (ECF No. 46, PageID.490)." *Id.*, PageID. 740. But that order did not direct Simmons to answer Williamson's amended complaint.

makes “only general and conclusory statements regarding his need for discovery,” which is inadequate under Rule 56(d). *Ball,* 385 F.3d at 720.

Thus, Williamson’s motion to stay is **DENIED.**

s/Elizabeth A. Stafford
ELIZABETH A. STAFFORD
United States Magistrate Judge

Dated: July 29, 2026~~July 28, 2026~~

## NOTICE TO PARTIES ABOUT OBJECTIONS

Within 14 days of being served with this order, any party may file objections with the assigned district judge. Fed. R. Civ. P. 72(a). The district judge may sustain an objection only if the order is clearly erroneous or contrary to law. 28 U.S.C. § 636. **“When an objection is filed to a magistrate judge’s ruling on a non-dispositive motion, the ruling remains in full force and effect unless and until it is stayed by the magistrate judge or a district judge.”** E.D. Mich. LR 72.2.

## CERTIFICATE OF SERVICE

The undersigned certifies that this document was served on counsel of record and any unrepresented parties via the Court’s ECF System to their email or First Class U.S. mail addresses disclosed on the Notice of Electronic Filing on July 29, 2026~~July 28, 2026~~.

s/Caitlin Shrum
CAITLIN SHRUM
Case Manager